# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **LANCE HANKINS** | **CASE NO. 6:24-CV-01258** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SAMUEL GILES BRADLEY ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant, Genesee and Wyoming Inc. ("G&W"). (Rec. Doc. 8). Plaintiff did not file an opposition. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that G&W's motion be granted.

## Factual Background

Plaintiff filed this suit in state court in July 2024 following an accident involving his truck and a train at a railroad crossing. He sued the train conductor, Louisiana and Delta Railroad ("LDR"), and G&W. (Rec. Doc. 1-6; 1-7). Defendants removed to this Court. (Rec. Doc. 1). G&W, LDR's parent company, moves to

dismiss Plaintiff's claims for lack of personal jurisdiction. G&W is a Delaware corporation with its principal place of business in Connecticut. (Rec. Doc. 8-2).

## Law and Analysis

F.R.C.P. Rule 12(b)(2) is the vehicle by which a non-resident defendant may challenge the court's personal jurisdiction over him. Plaintiff bears of the burden of demonstrating jurisdiction by presenting facts sufficient to constitute a *prima facie* case of jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 317 (5th Cir. 2021), *cert. denied,* 143 S. Ct. 485, 214 L. Ed. 2d 277 (2022). In determining whether jurisdiction exists, the court must accept the plaintiff's uncontroverted, non-conclusory allegations of fact. *Id.* The court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco*

*Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether subjecting G&W to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana. *Id*. Minimum contacts may give rise to either specific jurisdiction or general jurisdiction.

1. **General Personal Jurisdiction**

General personal jurisdiction exists when a defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home there even if the cause of action did not arise from or relate to the defendant's purposeful contacts with the forum. *Daimler AG v. Bauman,* 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). Plaintiff alleges that G&W is "a business domiciled in Darien, CT with a principal place of business in Lafayette, Louisiana." (Rec. Doc. 1-7, ¶1).

G&W submitted the affidavit of its General Counsel and Secretary, Ms. Fergus, who attests that G&W is a Delaware corporation with its principal place of business in Connecticut, that it has never had a principal place of business in Louisiana, that it has never been qualified or registered to do business in Louisiana, and that it has never maintained an office, agent or place of business in Louisiana. (Rec. Doc. 8-2). Plaintiff's petition is devoid of any allegations demonstrating the type of continuous and systematic contacts that would render G&W "at home" in Louisiana, and Plaintiff offered no opposing evidence. Therefore, the Court does not appear to have general personal jurisdiction over G&W.

### 2. Specific Personal Jurisdiction

Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. Whether specific jurisdiction exists is a three-step inquiry. First, the court must determine whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). Second, the court must determine

whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

G&W attests that it is a holding company and that LDR is one of its subsidiary companies. LDR is a separate entity. G&W has never operated, constructed, or maintained a railroad, any railroad equipment, or railroad operations of any kind in Louisiana. Railroad operations are conducted through its subsidiaries including LDR. G&W did not own the train involved in the incident or hire or supervise any employees. (Rec. Doc. 8-2). Plaintiff does not dispute G&W's statement that it had no incident-related contacts with Louisiana. Accordingly, specific personal jurisdiction over G&W is lacking. Plaintiff's claims against it should be dismissed for lack of personal jurisdiction.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Genesee and Wyoming Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 8) should be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of October, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE